UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

EDWARD L. DANZER,

Petitioner,

v.

JONATHAN MEYER,

Respondent.

CASE NO. 3:20-cv-06130-BJR-JRC

ORDER REGARDING CONSENT TO CONVERT TO § 2254 PETITION

This matter is before the Court on referral from the District Court and on petitioner's habeas corpus petition filed pursuant to 28 U.S.C. § 2241. *See* Dkt. 1. For the reasons discussed herein, on or before January 8, 2021, petitioner shall advise the Court whether he consents to converting this matter to a § 2254 habeas petition.

**BACKGROUND**

Petitioner states that on September 3, 2020, the Lewis County Superior Court sentenced him on an assault conviction and that he is currently confined under "Electric Home Monitoring." Dkt. 1, at 1. Petitioner appears to be challenging his conviction and sentence for

1  the assault.  *See* Dkt. 1, at 2.  Petitioner states that he filed a direct appeal but that he "missed the
2  date to designate the clerk[']s papers and do[es] not have an attorney" to represent him on his
3  appeal.  Dkt. 1, at 2.
4       Petitioner asserts four grounds for relief, certain of which also appear to relate to a writ of
5  garnishment issued by the Lewis County Superior Court in separate proceedings to satisfy debts
6  of one of petitioner's employees.  *See generally* Dkt. 1.  Petitioner claims that he is being forced
7  to either enter into a garnishment contract or personally satisfy the debt.  *See* Dkt. 1, at 2.
8  According to petitioner, the assault occurred when petitioner attacked the collections agency's
9  attorney.  *See* Dkt. 1, at 2.

## DISCUSSION

11      At the outset of a case brought under 28 U.S.C. § 2241, a district court must determine
12  whether it has jurisdiction over the petition.  *Stephens v. Herrera,* 464 F.3d 895, 897 (9th Cir.
13  2006); *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000).  Further, the Court must
14  undertake a preliminary review of the petition to determine whether "it plainly appears from the
15  face of the petition and any attached exhibits that the petitioner is not entitled to relief in the
16  district court."  Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243 (Rules
17  Governing Section 2254 cases may also be applied to habeas corpus actions filed under § 2241).
18  If the petitioner is not entitled to relief, the petition must be summarily dismissed.  Rule 4, Rules
19  Governing Section 2254 Cases; *Obremski v. Maass,* 915 F.2d 418 (9th Cir. 1990).
20      Inasmuch as petitioner seeks to challenge his September 3, 2020, assault conviction, a 28
21  U.S.C. § 2241 petition may be brought by one who is, as relevant here, "in custody in violation
22  of the Constitution or the laws or treaties of the United States[.]"  28 U.S.C. § 2241(c)(2).  In
23  contrast, a 28 U.S.C. § 2254 petition is appropriate where a petitioner is in custody "pursuant to
24

1   the *judgment* of a State court" and claims that the custody is unconstitutional.  28 U.S.C. §

2   2254(a) (emphasis added).

3         Here, petitioner is challenging a judgment and sentence that, according to his petition,

4   was entered on September 3, 2020.  Dkt. 1, at 2.  State court petitioners are limited from seeking

5   relief under § 2241 where they may instead seek relief under § 2254.  *See Moore v. Reno*, 185

6   F.3d 1054, 1055 (9th Cir. 1999) (per curiam); *see also Dominguez v. Kernan*, 906 F.3d 1127,

7   1138 (9th Cir. 2018) (Courts have recognized that, "[i]f the petition is filed by a pre-trial detainee

8   under § 2241 who is subsequently convicted, the federal court may convert the § 2241 petition to

9   a § 2254 petition." (Internal citation omitted)).  Thus, it appears to the Court that the petition

10   should be converted to a § 2254 petition.

11         Separately, the Court advises petitioner that he may not obtain § 2254 relief until *after* he

12   has "exhausted" his state judicial remedies.  *See Preiser v. Rodriguez*, 411 U.S. 475, 491–500

13   (1973).   A petitioner can satisfy the exhaustion requirement by providing the highest state court

14   with a full and fair opportunity to consider all claims before presenting them to the federal court.

15   *Picard v. Connor*, 404 U.S. 270, 275–76 (1971); *Middleton v. Cupp*, 768 F.2d 1083, 1086 (9th

16   Cir. 1985).  Full and fair presentation of claims to the state court requires "full factual

17   development" of the claims in the state court.  *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8–9 (1992).

18   In most cases, if petitioner's direct appeal is still pending in state court, he will not have

19   exhausted his remedies.  *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983).  Petitioner

20   may also exhaust by presenting his claim through one complete round of collateral review (i.e. a

21   personal restraint petition).  *See, e.g.*, *Corbray v. Fraker*, No. CV-09-3034-EFS, 2009 WL

22   2412445, at *3 (E.D. Wash. Aug. 3, 2009) ("Washington provides two avenues of relief for state

23   prisoners: direct appeal and collateral review through a personal restraint petition"), *aff'd on*

24

*other grounds sub nom. Corbray v. Miller-Stout*, 469 F. App'x 558 (9th Cir. 2012). Petitioner is advised that even if his petition is converted to a § 2254 petition, he will still be required to explain how he has exhausted his state court judicial remedies.

Further, where a state court rule of procedure prevents petitioner from litigating his case through all levels of review in state court, petitioner may still be barred from bringing his claim in federal court. In such a situation, a petitioner generally cannot obtain federal review unless he can demonstrate "cause" for his default in state court and prejudice as a result of the alleged violation of federal law. *See Martinez v. Ryan*, 566 U.S. 1, 9–10 (2012). Or, petitioner may obtain review by showing that failure to consider the claim will result in a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 327 (1995).

The Court also briefly notes that it appears petitioner is attempting to challenge a writ of garnishment that Lewis County District Court issued and that targeted wages that petitioner's business paid to an employee, in addition to challenging his assault conviction. *See* Dkt. 1, at 2. A state district court clerk or attorney of record for a judgment creditor in state district court may issue a writ of garnishment for a judgment creditor's benefit. *See* RCW 6.27.020. As noted above, a habeas petition requires that one be "in custody"—but petitioner provides no authority, and the Court is aware of none, that a writ of garnishment targeting a third person's wages is a type of "custody" within the meaning of the habeas statutes. Petitioner should be aware that regardless of whether he attacks the writ of garnishment via § 2254 or § 2241, claims challenging his obligations related to the writ of garnishment will be subject to dismissal if petitioner is not "in custody" as required to bring a habeas corpus petition. *See, e.g.*, *England v. I.R.S.*, 914 F.2d 262 (9th Cir. 1990) (having to pay a monetary penalty or fine is not the same as being "in custody"). Further, claims of violations of state law are not generally cognizable in a

habeas petition, unless they arise to the level of a due process violation. *See Lewis v. Jeffers*, 497 U.S. 764, 781 (1990).

**CONCLUSION AND DIRECTIONS TO PETITIONER AND CLERK**

Therefore, petitioner should advise the Court if he consents to converting his § 2241 petition to a § 2254 petition on or before **January 8, 2021**. Petitioner may also file an amended petition on or before January 8, 2021, using the provided § 2254 form. If petitioner elects not to convert the petition, the Court will recommend dismissing the § 2241 petition without prejudice. Failure to respond to this order on or before January 8, 2021, will be construed as petitioner's consent to dismissal of this action without prejudice for failure to comply with the Court's order.

The Clerk's Office shall send petitioner the appropriate § 2254 petition.

Dated this 4th day of December, 2020.

J. Richard Creatura
United States Magistrate Judge