UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| EDWARD L. DANZER,<br><br>      Petitioner,<br><br>  v.<br><br>JONATHAN MEYER,<br><br>      Respondent. | CASE NO. 3:20-cv-06130-BJR-JRC<br><br>REPORT AND RECOMMENDATION<br><br>Noted: February 26, 2021 |

This matter is before the Court on petitioner's writ for habeas corpus (Dkt. 5) and the Court's order regarding consent to convert to a 28 U.S.C. § 2254 petition. Dkt. 4, at 1.

Petitioner has been convicted of third-degree assault in a Washington State court and is subject to a default judgment due to his failure to answer a writ of restitution. The undersigned previously informed petitioner that his habeas claims challenging his state court judgment and sentence were not appropriately brought in a § 2241 petition and ordered petitioner to advise the Court whether he consented to converting his petition to a § 2254 petition. The Court warned petitioner that if he elected not to convert the petition, the Court would recommend dismissal of

REPORT AND RECOMMENDATION - 1

the petition without prejudice. Petitioner has not consented and instead continues to seek to proceed under 28 U.S.C. § 2241.

Therefore—and because petitioner's claims regarding his assault conviction are not cognizable in a § 2241 petition—the petition should be dismissed without prejudice. No certificate of appealability should issue.

## BACKGROUND

### I. Original Petition and Court's Order on Consent

Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. *See* Dkt. 1. Petitioner stated that on September 3, 2020, the Lewis County Superior Court sentenced him on an assault conviction and that he was confined under "Electric Home Monitoring." Dkt. 1, at 1. Petitioner appears to challenge both his conviction and sentence for the assault and a writ of garnishment that the Lewis County Superior Court had issued.

Upon review of petitioner's § 2241 petition, the undersigned determined that the matter appeared to be appropriately brought under § 2254, not § 2241, and that the petition should be converted to a § 2254 petition and explained the reasons why. *See* Dkt. 4, at 3. The undersigned directed petitioner to "advise the Court if he consent[ed] to converting" his petition on or before January 8, 2021. Dkt. 4, at 5. The Court warned petition that if he elected not to convert the petition, the Court would recommend dismissing the petition without prejudice. Dkt. 4, at 5.

### II. Amended Petition and Supporting Materials

In response to the Court's Order, petitioner filed an amended writ of habeas corpus, again pursuant to 28 U.S.C. § 2241. *See* Dkt. 5. Petitioner states that he seeks relief under § 2241 on the basis that his attorneys failed to provide effective assistance of counsel and that he wants the

1   Court to "nullify" the writ of garnishment (Dkt. 5, at 9–13) and his assault conviction (Dkt. 5, at

2   134–40) by issuing a writ of habeas corpus. Dkt. 5, at 5–6.

3         Materials attached to petitioner's second petition document that petitioner is the sole

4   proprietor of "6K Products" (Dkt. 5, at 17, 21), a company subject to a writ of garnishment to

5   satisfy indebtedness of a purported 6K Products employee. *See* Dkt. 5, at 11, 21–22. On April

6   26, 2018 (*see* Dkt. 5, at 51), petitioner appeared in Lewis County District Court (*see* Dkt. 5, at

7   98) after allegedly having refused to answer the writ, where he asserted that he was being forced

8   into involuntary servitude. *See* Dkt. 5, at 21. Lewis County Judge R.W. Buzzard entered a

9   default judgment against petitioner for $385.99 related to the writ of garnishment. *See* Dkt. 5, at

10   99.

11         During the hearing on the writ, according to the transcript, petitioner attacked the

12   collections agency's attorney in an altercation that Judge Buzzard described as follows:

13         I granted [the collection's agency's] motion and that's when [petitioner] swung on
           [the collection's agency's attorney] and attacked him. And so I left the bench and
14       the gentleman back there helped us and took [petitioner] down, and I held him in a
           chokehold until law enforcement got here.

15

16   Dkt. 5, at 24. Petitioner was later convicted of third-degree assault and, in September 2020, was

17   sentenced to three months' confinement on electronic monitoring and a year of community

18   custody. *See* Dkt. 5, at 51, 135–36.

19                               **DISCUSSION**

20         At the outset of a case brought under 28 U.S.C. § 2241, this court must determine

21   whether it has jurisdiction over the petition. *Stephens v. Herrera,* 464 F.3d 895, 897 (9th Cir.

22   2006); *Hernandez v. Campbell,* 204 F.3d 861, 865 (9th Cir. 2000). Further, the Court must

23   undertake a preliminary review of the petition to determine whether "it plainly appears from the

24

1  face of the petition and any attached exhibits that the petitioner is not entitled to relief in the

2  district court." Rule 4, Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243 (Rules

3  Governing Section 2254 cases may also be applied to habeas corpus actions filed under § 2241).

4  If the petitioner is not entitled to relief, the petition must be summarily dismissed. Rule 4, Rules

5  Governing Section 2254 Cases; *Obremski v. Maass,* 915 F.2d 418 (9th Cir. 1990)

6        Petitioner's claims regarding his assault conviction in his § 2241 petition continue to be

7  inappropriate for a § 2241 petition. "Because § 2254 limits the general grant of habeas relief

8  under § 2241, it is the exclusive vehicle for a habeas petition by a state prisoner in custody

9  pursuant to a state court judgment, even when the petitioner is not challenging his underlying

10 state court conviction." *Dominguez v. Kernan*, 906 F.3d 1127, 1135 (9th Cir. 2018) (internal

11 citation and quotation omitted). "By contrast, the general grant of habeas authority in § 2241 is

12 available for challenges by a state prisoner who is not in custody pursuant to a state court

13 judgment—for example, a defendant in pre-trial detention or awaiting extradition." *Id.*

14       Petitioner initiated this matter in November 2020, shortly after his sentence was imposed

15 and when he was, according to his judgment and sentence, still serving his three-month sentence.

16 *See* Dkt. 5, at 134–39. Although it has been more than three months since petitioner's

17 sentencing, he remains, according to his judgment and sentence, in community custody. *See*

18 Dkt. 5, at 136; *see also Jones v. Cunningham*, 371 U.S. 236, 243 (1963) (one who is on parole is

19 in custody for habeas purposes). Therefore, petitioner is in custody pursuant to a state court

20 judgment and sentence and must bring any challenge to his judgment and sentence by way of a §

21 2254 petition. The Court notes that even if petitioner were no longer on community custody, his

22 claims would still be subject to dismissal because a habeas action may only be brought by one

23 who is "in custody." *See* 28 U.S.C. §§ 2241(c), 2254(a), 2255.

24

1    The Court previously informed petitioner that his claims had to be brought in a § 2254
2 petition, explaining that if petitioner did not consent to converting the petition to a § 2254
3 petition, the Court would recommend dismissal of the petition without prejudice. Dkt. 4, at 3–5.
4 The Court sent a blank form for a § 2254 petition to petitioner. Dkt. 4, at 5. Nevertheless,
5 petitioner continues to seek to proceed by way of § 2241 petition. Therefore, his § 2241 petition
6 should be dismissed, to the extent that petitioner challenges his third-degree assault conviction.

7    Separately, the Court notes that petitioner also appears to seek to have the writ of
8 garnishment invalidated by a writ of habeas corpus. To the extent that he seeks to challenge the
9 writ of garnishment directing petitioner's company to satisfy its employee's indebtedness (Dkt.
10 5, at 9–13) and the default judgment against petitioner and his company (Dkt. 5, at 98–99), an
11 action in habeas cannot provide the relief petitioner seeks. Again, as the Court previously
12 informed petitioner, "a habeas petition requires that one be 'in custody'" (Dkt. 4, at 4)—but
13 petitioner is not "in custody" related to the writ of garnishment or resulting default judgment. A
14 monetary penalty or fine is not the same as being in custody. *See, e.g.*, *England v. I.R.S.*, 914
15 F.2d 262 (9th Cir. 1990), *cited in* Dkt. 4, at 4; *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th
16 Cir. 1998); *see also* Brian R. Means, *Federal Habeas Manual* § 1:20 (Fines) (collecting cases).
17 Nor is economic loss. *Edmunds v. Won Bae Chang*, 509 F.2d 39, 41 (9th Cir. 1975). And being
18 in custody on his assault conviction does not render petitioner in custody on his claims related to
19 the writ of restitution and default judgment. *See United States v. Thiele*, 314 F.3d 399, 402 (9th
20 Cir.2002) (interpreting 28 U.S.C. § 2255), *cited in Tuggle v. Campbell*, 261 F. App'x 56, 58 (9th
21 Cir. 2007) (discussing § 2254).

22    Therefore, the petition should be dismissed without prejudice. And because petitioner
23 has not made a substantial showing of the denial of a constitutional right as required by
24

1 U.S.C. § 2253(c)(2), no certificate of appealability should be issued. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (setting forth the standard that such a certificate should issue if jurists of reason could disagree with the resolution of constitutional issues or if the issues presented are adequate to deserve encouragement to proceed further). Nor is an evidentiary hearing required, as the record conclusively shows that petitioner is not entitled to a habeas petition. *See Anderson v. United States*, 898 F.2d 751, 753 (9th Cir. 1990).

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the clerk is directed to set the matter for consideration on February 26, 2021, as noted in the caption.

Dated this 8th day of February, 2021.

J. Richard Creatura
United States Magistrate Judge

REPORT AND RECOMMENDATION - 6